IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| CLIFFORD SCOTT COOK, #170 021 | * | |
| Plaintiff, | * | |
| v. | * | 2:08-CV-749-TMH |
| | | (WO) |
| ALABAMA DEPARTMENT OF CORRECTIONS, *et al.*, | * | |
| | * | |
| Defendants. | | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate proceeding *pro se* and presently confined at the Bibb Correctional Facility located in Brent, Alabama, filed this 42 U.S.C. § 1983 action on September 11, 2008. Plaintiff names as Defendants to this complaint the Alabama Department of Corrections, Commissioner Richard Allen, and Correctional Medical Services.

In this action, Plaintiff who suffers from epilepsy and hepatitis C, complains that his Eighth Amendment rights are being violated due to the conditions of his confinement and because he is not receiving proper medical care and treatment. Plaintiff brings this complaint for damages and injunctive relief. Upon review of the factual allegations presented in the complaint, the court concludes that this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404.[1]

---

[1] Attached to Plaintiff's complaint is an affidavit in support of a request for leave to proceed *in forma pauperis*. However, in light of the April 1996 revisions to 28 U.S.C. § 1915 and under the circumstances of this case, this court makes no determination with respect to such request as the assessment and collection of any filing fee should be undertaken by the United States District Court for the Northernn District of Alabama.

## I. DISCUSSION

According to the complaint, Plaintiff was transferred to the Bibb Correctional Facility on August 18, 2008 from the Ventress Correctional Facility located in Clayton, Alabama. Plaintiff alleges that the violations about which he complains occurred on February 28, 2008 and continue to the present time. A careful reading of the complaint, however, suggests that the matters about which Plaintiff complains are really matters associated with his present place of incarceration.[2]

A civil action filed by an inmate under authority of 42 U.S.C. § 1983 "may be brought . . . in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). However, the law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a).

It is clear from Plaintiff's recitation of the facts that the matters about which he complains and about which is currently concerned and has personal knowledge of are occurring at a penal facility located in the Northern District of Alabama. Moreover, those

---

[2]Notwithstanding this determination, Plaintiff is advised that if he wishes to challenge matters which occurred during his incarceration at the Ventress Correctional Facility, he is free to file a separate civil action.

individuals personally responsible for the matters and conditions about which Plaintiff complains are employed at an institution outside the jurisdiction of this court. Thus, the majority of material witnesses and evidence associated with those claims relevant to Plaintiff's allegations are located in the Northern District of Alabama. Further, by virtue of his position as the Commissioner of the Alabama Department of Corrections and their contract with the Alabama Department of Corrections to provide state-wide inmate medical care and services, Defendants Allen and Correctional Medical Services, Inc., are subject to service of process throughout the state and commonly defend suits in all federal courts of this state.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **September 28, 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The

parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 15th day of September, 2008.

        /s/Charles S. Coody  
CHARLES S. COODY  
UNITED STATES MAGISTRATE JUDGE